```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF VIRGINIA
                     Norfolk Division
```

**KENT JERMAINE JACKSON,**

      Petitioner,

v.                                      Civil Action No. 2:05cv502

**GENE M. JOHNSON, Director,**
**Virginia Department of Corrections,**

      Respondent.


## MEMORANDUM ORDER

On April 18, 2000, Mrs. Beulah Mae Kaiser ("Mrs. Kaiser") was murdered in her apartment. Mrs. Kaiser was stabbed five times and suffered two black eyes, a broken nose, and a skull fracture. She was also anally sodomized with her own walking cane. That same cane was then forced "into her mouth with such violence that it knocked out most of her teeth, tore her tongue and forced it into her airway, fractured her jaw, and penetrated the left side of her face." Jackson v. Commonwealth, 587 S.E.2d 532, 537-38 (Va. 2003). Because so many of the injuries inflicted upon Mrs. Kaiser were deadly, the medical examiner was unable to determine which one actually caused her death.

A jury sitting in the Circuit Court of the City of Hampton, Virginia convicted petitioner Kent Jermaine Jackson of murdering Mrs. Kaiser during the commission of a robbery or attempted robbery. See Va. Code Ann. § 18.2-31(4). At a separate

sentencing hearing held approximately three months later, Jackson testified on his own behalf and asked the jury to impose a sentence of death because he did not want to spend his life in prison. (JA 1286). The jury granted Jackson's wish and sentenced him to death.

Jackson's conviction and death sentence were unanimously affirmed by the Supreme Court of Virginia. <u>Jackson v. Commonwealth</u>, 587 S.E.2d at 442. The United States Supreme Court denied Jackson's Petition for Writ of Certiorari. <u>Jackson v. Virginia</u>, 543 U.S. 842 (2004).

Jackson subsequently petitioned for a state Writ of Habeas Corpus. The Virginia Supreme Court dismissed the petition, <u>Jackson v. Warden</u>, Record No. 042706 (Va. June 16, 2005), and the Circuit Court of Hampton scheduled Jackson's execution for September 1, 2005. On August 31, 2005, this Court stayed the execution pending final disposition of Jackson's federal Petition for Writ of Habeas Corpus (the "Petition") filed pursuant to 28 U.S.C. § 2254. (Docket No. 6). The Petition alleges that the Commonwealth of Virginia violated Jackson's constitutional rights during his prosecution and trial for the capital murder of Mrs. Kaiser.

The Petition was referred to United States Magistrate Judge Tommy E. Miller for a report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the

Federal Rules of Civil Procedure, and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. Magistrate Judge Miller filed his Report and Recommendation on January 16, 2007. (Docket No. 32).

In his Report and Recommendation, Magistrate Judge Miller identified and considered the following grounds alleged by Jackson:

(a) he was denied the effective assistance of counsel due to his counsel's failure to:

    (i) accept the trial court's offer to replace Jackson's second court appointed attorney after he withdrew his representation;

    (ii) adequately conduct cross-examination of the Commonwealth's DNA expert as a result of proceeding to trial without co-counsel;

    (iii) adequately conduct direct examination of Dr. Ganderson as a result of proceeding to trial without co-counsel;

(b) his constitutional rights were violated due to the following errors related to the indictment:

    (i) his Fourteenth Amendment right to Due Process was denied when the Commonwealth failed to charge him under Virginia Code § 19.2-264.2 in his indictment;

    (ii) he was denied the effective assistance of counsel due to his counsel's failure to move for dismissal of his indictment;

    (iii) his Fourteenth Amendment right to Due Process was denied when the Commonwealth failed to notify him of the aggravating factors upon which the prosecution planned to rely to prove capital murder

        under Virginia Code § 18.2-31;

(c) the Virginia Supreme Court denied his <u>Batson</u> claim based on an unreasonable application of clearly established federal law and an unreasonable determination of the facts;

(d) his Sixth Amendment right to trial by jury was denied when the jury was not required to unanimously agree on which of the three elements of the § 19.2-264.2 vileness category they found in his case, and the trial court denied Jackson's motion to have the jurors polled to determine that they had agreed on the same element beyond a reasonable doubt;

(e) he was denied the effective assistance of counsel when his trial counsel failed to object to the comparative worth argument made by the prosecutor during sentencing; and,

(f) the Virginia Supreme Court erred when it ruled that:

    (i) the Virginia capital murder statutes are constitutional; and,

    (ii) Jackson's sentence was not disproportionate or excessive.

(Docket No. 32, at 4-5).

Magistrate Judge Miller found none of these grounds persuasive and recommended that this Court deny Jackson's Petition for Writ of Habeas Corpus (Docket No. 16) and grant the Motion to Dismiss (Docket No. 18) filed by respondent Gene M. Johnson, Director, Virginia Department of Corrections ("Johnson"). Magistrate Judge Miller further concluded that Jackson has failed to demonstrate "a substantial showing of the denial of a constitutional right" necessary to justify issuance

of a Certificate of Appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. (Docket No. 32).

By copy of the Report and Recommendation, each party was advised of his right to file written objections to the findings and recommendations made by Magistrate Judge Miller. The Court received Jackson's Objections (Docket No. 34) on February 12, 2007 and Respondent Johnson's Response (Docket No. 37) on February 26, 2007. The Court conducted a hearing on February 28, 2007 to consider Jackson's Objections.

Jackson objects to Magistrate Judge Miller's findings and recommendations on all of the claims identified supra, with particular emphasis placed on Grounds (b)(i)-(iii), (c), and (e). (Docket No. 34).

As to Ground (b)(i), Jackson argues that the Commonwealth of Virginia violated his Fourteenth Amendment right to Due Process by not charging him with a death eligible offense in his Indictment. However Jackson waived this point by failing to object to the Indictment before trial. Jackson v. Warden, No. 042706, op. at 4 (Va. June 16, 2005). "Absent cause and prejudice or a miscarriage of justice, a federal court sitting in habeas may not review a constitutional claim when a state court has declined to consider its merits on the basis of an adequate and independent state procedural rule." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Jackson has not demonstrated

5

any prejudice or miscarriage of justice.

As to Ground (b)(ii), Jackson objects to Magistrate Judge Miller's finding that the Virginia Supreme Court reasonably applied Strickland v. Washington, 466 U.S. 668, 690 (1984). That case holds that a petitioner claiming ineffective assistance of counsel must satisfy two prongs: 1) performance--"whether counsel's assistance was reasonable considering all the circumstances," Id. at 690; and 2) prejudice--the defendant must affirmatively prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," Id. at 694. Jackson argues that he was denied the effective assistance of counsel by his attorney's failure to move to dismiss the Indictment for failure to charge a death eligible offense.

Magistrate Judge Miller, relying on Apprendi v. New Jersey, 530 U.S. 466, 477 n.3 (2000), found that because the Fourteenth Amendment does not "require state governments to provide their citizens the Fifth Amendment right to presentment of Indictment or a Grand Jury, . . . argument by counsel for dismissal of the indictment for failure to follow the rule would have been frivolous." (Docket No. 32, at 15). The Court agrees with Magistrate Judge Miller's analysis and finds that Jackson has failed to satisfy the performance prong of Strickland. 466 U.S. at 690.

6

As to Ground (b)(iii), Jackson argues that the Commonwealth violated his Fourteenth Amendment right to Due Process by not notifying him of the specific aggravating factor upon which it planned to prove capital murder under Virginia Code § 18.2-31. Jackson's counsel moved the trial court to order a Bill of Particulars.  The trial court denied this request, and Jackson appealed interlocutorily.  The Virginia Supreme Court denied his appeal.

In recommending dismissal of this claim, Magistrate Judge Miller found that the prosecutor notified Jackson in writing that the Commonwealth "may rely on all of these factors."  (J.A. 241). The Court agrees with Magistrate Judge Miller's finding that because Jackson received notice that the Commonwealth "may rely on all" of the aggravating factors, the Virginia Supreme Court's denial of Jackson's appeal did not involve an unreasonable application of federal law.  See Wong Tai v. United States, 273 U.S. 77, 80 (1927) ("[The] indictment . . . shall advise the defendant of the nature and cause of the accusation in order that he may meet it and prepare for trial.").

As to Ground (c), Petitioner objects to Magistrate Judge Miller's conclusion that the Virginia Supreme Court reasonably applied Batson v. Kentucky, 476 U.S. 79 (1986) in ruling on Jackson's challenge to the Commonwealth's use of peremptory challenges to strike five black jurors.  In accordance with

7

Batson, the Commonwealth offered, and the trial court accepted as credible, race-neutral reasons for the strikes.  In considering Jackson's state habeas petition, the Virginia Supreme Court noted that Jackson did not provide evidence or argue that the Commonwealth's reasons were pretextual.  Jackson, 587 S.E.2d at 545-46.  The Virginia Supreme Court held that the trial court's determination that the race-neutral reasons were credible was not clearly erroneous.

Petitioner asserts that Magistrate Judge Miller misinterpreted the United States Supreme Court case Miller-El v. Dretke, 545 U.S. 231 (2005) ("Miller-El II") as requiring a high threshold of evidence to establish racial discrimination in jury selection.  Petitioner argues that Miller-El II does not prevent a finding of discrimination in cases with less available evidence.

The Court agrees with Petitioner that Miller-El II does not set such a threshold.  In fact, Miller-El II involved a scenario in which "the direction of the evidence was too powerful to conclude anything but discrimination."  Id. at 265.  Nor did Magistrate Judge Miller misconstrue the case.  Because Miller-El II is the only case in which the United States Supreme Court has reversed a state court's determination that no discrimination occurred in the selection of a jury, state court findings of no discrimination based on lesser facts are reasonable for the

purpose of habeas review. <u>Williams v. Taylor</u>, 529 U.S. 362, 413 (2000).

As to Ground (e), Petitioner objects to Magistrate Judge Miller's finding that although Petitioner's counsel should have objected to the prosecutor's comparative worth argument, the failure to object did not satisfy the "prejudice" prong of the ineffective assistance of counsel test enumerated in <u>Strickland</u>, 466 U.S. at 694. The Virginia Supreme Court reached the same conclusion as Magistrate Judge Miller, holding that Jackson failed to demonstrate "that there is a reasonable probability that, but for counsel's alleged error, the result of the proceeding would have been different." <u>Jackson v. Warden</u>, No. 042706, Order at 17-18. Because Jackson's murder victim was horribly beaten, stabbed, anally sodomized and orally impaled with her own walking cane, it is eminently reasonable to conclude that the jury would have sentenced Jackson to death regardless of the comparative worth statements of the prosecutor.

In sum, the highly deferential standard of review established by 28 U.S.C. § 2254(d) limits this Court's ability to grant relief on the merits of constitutional claims. This Court may grant relief only if the Virginia Supreme Court "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on

a set of materially indistinguishable facts." Id. Neither the case law nor the evidence in the record support such a finding.

The Court, having reviewed the record and examined the objections filed by Petitioner Jackson to the Magistrate Judge Miller's Report and Recommendation, and having made de novo findings with respect to the portions objected to, does hereby **ADOPT AND APPROVE** the findings and recommendations set forth in the Report and Recommendation of Magistrate Judge Miller. It is, therefore, **ORDERED** that the Petition be **DENIED AND DISMISSED WITH PREJUDICE** and that judgment be entered in favor of Respondent Johnson.

Petitioner Jackson is **ADVISED** that he may appeal from the judgment entered pursuant to this Memorandum Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty (30) days from the date of entry of such judgment. Petitioner Jackson has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a Certificate of Appealability. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

The Clerk is **DIRECTED** to send a copy of this Order to plaintiff, to all counsel of record, and to Magistrate Judge Miller.

**IT IS SO ORDERED.**

/s/
Walter D. Kelley, Jr.
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 30, 2007